IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| HARDIE'S FRUIT & VEGETABLE COMPANY -SOUTH, LP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-534C<br>(Senior Judge Hodges) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE COMPLAINT AND UPON THE ADMINISTRATIVE RECORD**

Pursuant to Rule 52.1(b) of the United States Court of Federal Claims and the Court's August 8, 2008 order, defendant, United States, respectfully submits this response to plaintiff's motion and in support of our motion for judgment on the complaint and upon the administrative record.

Although plaintiff, Hardie's Fruit & Vegetable Company – South, LP ("Hardie's") filed a 32-page memorandum in support of its motion and a 28-page statement of facts, plaintiff's filings are largely irrelevant to the dispositive issues in this case. Plaintiff failed to undermine the central premise of the Small Business Administration – Office of Hearings and Appeals' ("OHA") decision: that, when the non-manufacturer rule is applied to a solicitation, the ostensible subcontractor rule is inapplicable. All other "facts," regulations, and case law set forth in plaintiff's papers are irrelevant. The OHA decision must stand because based upon the facts in the record, OHA correctly applied the law. The Small Business Administration (SBA) decision

deserves deference because Congress has placed the responsibility for size determinations upon the SBA.

## ARGUMENT

### I. OHA Correctly Determined That The Ostensible Contractor Rule Cannot Apply Where The Non-Manufacturer Rule Is Applied

Hardie's attempt to apply the ostensible subcontractor rule is misplaced, and its analysis of the size determination issue through the prism of the ostensible subcontractor rule is unavailing. The ostensible subcontractor rule does not apply where an offeror's eligibility to participate in a small business set-aside is based upon an evaluation of an offeror's small business size status under the non-manufacturer rule. Marwais Steel Company, Re: Engineered Air Systems, Inc., SBA No. 3884, 1994 WL 45615. Thus, the SBA's Area Office committed an error of law when it applied the ostensible subcontractor rule where the non-manufacturer rule had been applied and waiver had been granted. OHA recognized that error of law and correctly reversed the Area Office's decision. Hardie's cites a slew of cases for the proposition that intervenor, M&S Foods Co., Inc. ("M&S") and Sysco Corporation ("Sysco") are "affiliated" meaning that the number of employees for each company must be added together to determine small business eligibility. These cases, however, are inapposite to this matter. None of the cases cited involve application of the non-manufacturer rule (or its waiver). Instead, these cases involve the straight application of the ostensible subcontractor rule, absent the non-manufacturer rule.

The non-manufacturer rule is an exception to the requirement that in a contract for manufactured products a small business concern must either be the manufacturer of the end item being produced or qualify as a non-manufacturer. 13 C.F.R. § 121.406(a). By

its terms, the rule can only be applied to a supply contract. A supply contract requires the contractor to perform 50 percent of the cost of the manufacturing *or* qualify as a non-manufacturer. 13 C.F.R. § 125.6(2). If a small business qualifies as a non-manufacturer, the firm's performance requirements are excused. A waiver of the rule allows the contractor to provide the products of the large business instead of a small business. The waiver, however, does not abrogate the performance requirements—qualifying as a non-manufacturer excuses that performance. When DSCP requested and SBA granted a waiver of the non-manufacturer rule for this solicitation, both parties deemed the solicitation to be a supply contract to which the non-manufacturer rule could apply. Accordingly, as discussed in more detail in our motion, only the regulations pertaining to the performance requirements for a supply contract can be applied to the solicitation, regardless of the amount of services called for pursuant to the contract.

Hardie's and the Area Office also overlook a fundamental precept: because this solicitation was deemed a supply contract to which the non-manufacturer rule had been applied, the ostensible subcontractor rule cannot apply. Hardie's and the Area Office ignore this necessary predicate to engage in an analysis that is not appropriate – to determine how much of the services portion of this supply contract M&S should perform. Nowhere in the statute or regulations is there support, express or implied, for such a proposition. Hardie's contends that the Area Office "correctly observed that the waiver does not relieve M&S from the obligation to perform the primary and vital requirements of the contract with its own efforts and does not preclude application of the ostensible subcontractor rule."[1] Pl. Mot. at 24. The Area Office, however, set forth no reasoning

[1] As discussed in our motion, a procurement should be classified according to its principal purpose--the solicitations primary and vital functions, When the non-manufacturer rule

nor adequate support for this proposition. Instead, the Area Office merely cited to 13 C.F.R. § 121.103(h)(4). Section 121.103(h)(4), however, does not support that proposition either explicitly or implicitly. That regulation neither mentions the non-manufacturer rule nor otherwise implies that application of the ostensible subcontractor rule limits the scope of the non-manufacturer rule. Section 121.103(h)(4) serves only to define the characteristics of an ostensible subcontractor.

OHA correctly determined that the Area Office wrongly cited to 13 C.F.R. § 121.103(h)(4) because the Area Office impermissibly relied upon the ostensible subcontractor rule to determine whether M&S qualified as small for a contract in which the non-manufacturer rule and its waiver applied. Had the 50 percent performance requirement for this supply contract not been excused by application of the non-manufacturer rule, it would have been appropriate to examine whether M&S's subcontractor was indeed an ostensible contractor performing the primary and vital functions of the contract. But, because the 50 percent performance requirement has been excused by operation of the non-manufacturer rule, the law provides no basis to apply another standard of required performance by the contractor. As Hardie's correctly contends, the ostensible subcontractor rule evaluates the performance of the subcontractor not the contractor. Hardie's, however, misapprehends the fact that if the non-manufacturer rule applies the prime contractor is not required to perform any specific amount of work so no purpose would be served evaluating the work done by the subcontractor if the prime contractor is not required to perform any specific amount of the work.

---

applies, the rule excuses the contractor's performance of the primary and vital functions of a supply contract.

OHA's fundamental finding—that the Area Office committed error of law when it relied upon the ostensible subcontractor rule—rendered unnecessary any discussion about the services component of the contract or the scope of the waiver. Nonetheless, OHA's analysis of these matters, although unnecessary, was rational, and its ultimate conclusion was consistent with the regulations. Because the non-manufacturer rule applied to this solicitation (and the waiver allowed the contractor to provide the products of a large business), no other performance requirement existed for examining the contractor's performance. As such, OHA was rational in concluding that the waiver applied to the whole procurement.

II. The Individual Waiver Granted By The SBA Is Comprehensive In Scope

Hardie's also contends that OHA erred when it found the individual waiver granted by SBA to be broader in scope than a class waiver. Two types of waivers of the non-manufacturer rule —individual and class—may be issued by SBA. Here, SBA upon request from DSCP issued an individual waiver. OHA correctly noted that the individual waiver that SBA granted for the solicitation was "more comprehensive in scope than a less specific waiver because SBA has already completed a review of the precise requirements of the product and supply chain before granting the waiver for the solicitation." AR at 741. Hardie's contends, without any support, that a "class waiver" is much broader than an individual waiver. A class waiver applies to entire categories of item and are granted upon a determination that no small business is available to participate in the Federal procurement market. 13 CFR § 121.1202. However, unlike a class waiver, which does not consider individual contract requirements, an individual waiver takes into account the specific contract requirements and whether or not a small

business could reasonably be expected to offer a product meeting the contract specifications, including period of performance. See 13 C.F.R. § 121.406(3)(i). Thus, when SBA granted the individual waiver it considered the requirements of the product and supply chain and the contracting officer's analysis of whether or not a small business could reasonably be expected to offer a product meeting the specific requirements. Accordingly, OHA reasonably concluded that in order for a small business to provide fresh produce under the specific requirements of the solicitation, which include unique temperature controls, food safety, storage and delivery, that no limit could be placed upon the scope of the waiver.

III. SBA's Determinations And The OHA Decision Deserve Great Deference

SBA's determinations receive this deference because Congress mandated that this regulatory scheme be implemented by the SBA, which enjoys expertise in this peculiar area of regulatory law. OHA reviewed the Area Office's decision based upon an error of law or fact. As discussed above and in our motion, the Area Office committed clear error when it failed to recognize that because the solicitation was considered a supply contract, to which the non-manufacturer rule had been applied, the ostensible subcontractor rule could not apply. Moreover, the Court owes deference to SBA's determination that where the non-manufacturer rule was applied, the ostensible contractor rule could not be relied upon to determine the contractor's size. See Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965) (The court must afford "great deference" to an agency's interpretation of its own regulation.) Great deference is shown to the OHA judge's determination because of the SBA's "quasi technical administrative expertise and its familiarity with the situation acquired by long experience with the intricacies inherent in

Deleted:

a comprehensive regulatory scheme. Ceres Envtl Service Inc v. United States, 52 Fed. Cl 23, 33. (2002). Moreover, the standard of review this court must apply is whether the decision of the SBA is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Camp v. Pitts, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). This Court will not invalidate an SBA decision simply because it could reach a different result on the record and the Court will not substitute its judgment for that of the agency. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971).

## CONCLUSION

For the foregoing reasons, judgment on the complaint and administrative record should be granted to the Government, and the SBA's size determination should be affirmed.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Martin F. Hockey by Kirk T. Manhardt
MARTIN F. HOCKEY
Assistant Director

OF COUNSEL:
BEVERLEY HAZLEWOOD LEWIS
Office of General Counsel
Small Business Administration
409 Third Street, S.W., Suite 7200
Washington D.C. 20415

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street N.W.
Washington, DC 20530
Tele: (202) 307-0163
Fax: (202) 305-7643

Dated: August 29, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 29th day of August, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE COMPLAINT AND UPON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/David M. Hibey