IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| HARDIE'S FRUIT AND VEGETABLE CO. - SOUTH, LP, Plaintiff, | § | No. 08-534C (Judge Robert H. Hodges, Jr.) |
| vs. | § | |
| THE UNITED STATES Defendant. | § | |

HARDIES'S FRUIT & VEGETABLE CP., L.P.'S OPPOSITION TO DEFENDANT'S MOTION TO SUBMIT ADDITIONAL AUTHORITY

NOW COMES, Hardie's Fruit & Vegetable Cp., L.P. ["Hardies"] and hereby submits this Opposition to Defendant's Motion to Submit Additional Authority in the above-referenced matter. As discussed in detail below, Hardie's opposes this motion because: 1) the material is not "authority" but is instead no more than extra-record material which may not be submitted after the record is closed, 2) the decision of the Area Office in the Tulsa Foods case is no more than a restatement on remand of the Office of Hearings and Appeals' decision in the instant case, and 3) since the decision in Tulsa Foods case raises a collateral issue with respect to the applicable NAICS code that has not been considered by either OHA or this Court, consideration of the Area Office's decision in Tulsa will require further briefing and argument by the parties.

## Background

The material which Defendant has submitted as "supplemental authority" is not legal authority at all. Tulsa Foods Ltd. filed a size protest against the size of Intervenor in relation to award of a separate zone under the same Solicitation from that at issue in the instant case. The same Area Office- Area III in Atlanta, Georgia, issued the

decisions in both the instant case, and in Tulsa Foods' protest. Both decisions found that Intervenor was not a qualified small business. Exhibit 1. Exhibit 1 is the Area Office's initial decision in the Tulsa Foods protest. Intervenor appealed both decisions to the SBA Office of Hearings and Appeals. As the record reflects, OHA issued its decision on the appeal from Hardie's on July 14, 2008. AR Tab 28, page On August 25, 2008, OHA remanded the Tulsa Foods case back to the Area Office with express direction to revise of its determination to conform with the ALJ's decision in the Hardie's appeal. Exhibit 2. The decision offered by Defendant is no more than the Area Office's re-write of its initial decision on remand from the Area Office. It is therefore not a "new" decision.

Defendant cites no rule from the Federal Rules of Civil Procedure or the Local Rules of this Court which permits it to submit extra materials into the record after the record has closed, and the issues have been fully briefed and argued. Plaintiff understands, however, that there is a general practice that when additional true additional legal authority, such as a binding decision of this Court's appellate authority or persuasive authority of another federal court, becomes available after briefing has closed, submission of such authority is proper. What Defendant offers, however, is not legal authority of any kind. A decision of an Area Office is not precedent able to be cited, even before SBA's own Office of Hearings and Appeals. J&R Logging, SBA No. 4426 (2001) (refusing to consider as precedent or authority a previous Area Office decision).

Because the Area Office decision in the Tulsa Fruit case is not any sort of legal authority, Defendant's offer of it is no more than a belated attempt to add material to the

record and to, in effect, re-urge arguments at a time when Hardie's has no effective opportunity to respond. Its consideration is, therefore, wholly inappropriate.

Even if the Area Office's decision in Tulsa Fruit were proper legal authority, which it is not, since it is no more than a remand decision issued at the direction of the same OHA hearing officer, and purporting to merely apply his decision in Hardie's case to that case, the Area Office's decision in Tulsa Fruit adds nothing to aid the Court beyond OHA's decision already in the record. It is, in that respect, not additional authority, but rather merely repeats what is already before the Court.

Finally, the Area Office's decision in the Tulsa Fruit case introduces a completely new issue that was not an issue in the instant case, was not addressed by OHA, was not briefed by the parties, and was not argued to this Court. The Area Office, in the Tulsa Fruit case, found that NAICS Code 111998 applies to that case, rather than the NAICS Code 424480 which OHA applied in Hardie's case, and which no party to this matter has raised any challenge. If the Court is to consider the Tulsa Fruit Area Office decision, it must delay its ruling in this case so that the parties may address this aspect of the Tulsa Fruit decision.

Again, it is Hardie's position that the Area Office decision on the Tulsa Fruit case is not proper authority and is not relevant to the Court's ruling, and that the Court should confine itself to the record as submitted and closed on September 9, 2008. Should the Court decide that it will consider that material, however, the new issues raised by that matter must be fully addressed by the parties.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's motion.

Dated:September 15, 2008

Respectfully Submitted,

BAILEY & BAILEY, P.C.
Milam Building, Suite 711
115 East Travis
San Antonio, Texas 78205-1614
Telephone: (210) 225 7747
Facsimile: (210) 225 8246

By: /s/ Johnathan M. Bailey
Johnathan M. Bailey
SBN 24000009

Attorney for Plaintiff
Hardie's Fruit & Vegetable Co. – South, L.P.

CERTIFICATE OF SERVICES

I certify that a true and correct copy of the above and foregoing Hardies's Fruit & Vegetable Cp., L.P.'S Opposition To Defendant's Motion To Submit Additional Authority has been caused to be delivered by the Electronic Filing System of the court to the following this 15th day of September, 2008, by the undersigned.

Isaias "Cy" Alba, Esq.
Piliero Mazza PLLC
888 17th Street, NW, Suite 1100
Washington, DC 20006

David Hibey
U.S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20530

/s/ Johnathan M. Bailey
Johnathan M. Bailey