# In the United States Court of Federal Claims

* * * * * * *
HARDIE'S FRUIT & VEGETABLE
CO. - SOUTH, LP, *

Plaintiff, * No. 08-534C

v. * Filed: September 15, 2008

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * *

**ORDER**

This pre-award bid protest is before the court on the parties' cross-motions for judgment on the administrative record. Plaintiff challenges a ruling of the Small Business Administration Office of Hearings and Appeals that intervenor is qualified to compete for a small business set-aside contract. An administrative law judge found that intervenor's reliance on a large business subcontractor for certain products and services did not affect its status as a small business contractor. The Agency's decision is not unreasonable in the circumstances presented. We must deny plaintiff's petition for a permanent injunction and dismiss its complaint.

The Defense Supply Center Philadelphia is a department of the Defense Logistics Agency. It issued a solicitation in July 2006, seeking bids on an indefinite delivery, indefinite quantity, small business set-aside contract for delivery of fresh fruit and vegetables to numerous government facilities. The administrative law judge stated that the procurement was classified as a manufacturing contract and assigned North American Industry Classification Code 424480, Fresh Fruit and Vegetable Merchant Wholesalers. Administrative Record at 738 (*Size Appeal of M&S Foods Ltd. Co.*, SBA No. SIZ-4971 (July 14, 2008)). The associated small business size standard for offerors is 500 employees. Offerors would be required to grow the produce themselves or acquire it from other small businesses.

The agency determined that no small business could provide the fresh produce required under the solicitation. The contraction officer sought from the Small Business Administration a waiver of the "nonmanufacturer rule" before issuing the solicitation. The nonmanufacturer rule requires that small businesses obtain the goods to be supplied under the contract from other small businesses. *See* 13 C.F.R. § 121.406(b).

SBA granted the waiver on March 16, 2006, because it determined that "no known small business manufacturers . . . can supply the depth and breadth of the products required by the Government." AR at 78. The effect of the waiver was to allow intervenor to acquire the fruits and vegetables to be supplied under the contract from non-small businesses.

The Government notified bidders that intervenor M&S Foods was the successful offeror for the San Antonio zone. Plaintiff filed a size protest against M&S. The SBA Area Office sustained plaintiff's protest in April 2008. M&S was not a small business, according to SBA, because it relied upon a large business subcontractor to supply "primary and vital" requirements of the solicitation. *See* 13 C.F.R. § 121.103(h)(4). M&S appealed to the Office of Hearings and Appeals.

The SBA Office of Hearings and Appeals reversed the local office, holding that a waiver of the nonmanufacturer rule applies to all aspects of the solicitation. AR at 742 (*Size Appeal of M&S Foods Ltd. Co.*, SBA No. SIZ-4971 (July 14, 2008)). That is, the waiver permitted intervenor to use its large business subcontractor not only for the fruit and vegetables, but also for other necessary and incidental aspects of the contract. These included, for example, warehousing and distribution of the produce. The hearing officer ruled alternatively that M&S was eligible for award as a small business because it would perform the "primary and vital requirements" of the contract. *Id*.

Plaintiff appealed the hearing officer's decision to this court on July 22, 2008. The parties filed cross-motions for judgment on the administrative record, and we heard oral arguments on September 9. Counsel for the Government stated at oral argument that the Defense Logistics Agency intended to award the contract on September 17, 2008. Plaintiff asked that we issue an expedited ruling before then. We agreed to decide the matter and issue an abbreviated order before September 17. A detailed supporting opinion will follow.

This court reviews decisions of the SBA's Office of Hearings and Appeals according to standards of the Administrative Procedures Act. *See* 28 U.S.C. § 1491(b)(4) (2000). We give deference to an SBA size determination "because of the SBA's 'quasi-technical administrative expertise and [its] familiarity with the situation acquired by long experience with the intricacies inherent in a comprehensive regulatory scheme.'" *LB&B Assocs., Inc. v. United States*, 68 Fed. Cl. 765, 771 (2005) (quoting *Ceres Envtl. Servs., Inc. v. United States*, 52 Fed. Cl. 23, 33 (2002)). The administrative record establishes that the hearing officer's decision was not "irrational" or based upon an "erroneous application of the law." *See LL&B Assocs*, 68 Fed. Cl. at 771. We cannot sustain plaintiff's protest.

The Office of Hearings and Appeals determined that the waiver of the nonmanufacturer rule included the services to be provided by M&S's large business subcontractors. When a NAICS code is assigned to a solicitation, the contracting officer must determine which code "best describes the principal purpose of the product or service being acquired." 13 C.F.R. § 121.402(b). Although we are unable to find in the Administrative Record where the contracting officer assigned a NAICS code, it is

undisputed by the parties that the solicitation is for a manufacturing supply contract.

Issuance of a nonmanufacturer waiver allows offerors to subcontract with large businesses to provide the goods to be procured by the Government. In this case, for example, the large business provided the fruits and vegetables, and apparently made its facilities available for warehousing and distribution as well. The hearing officer ruled that Intrervenor is not disqualified as "other than small" for providing such incidental services through a large business, so long as a nonmanufacturer waiver is in effect. The administrative law judge's determination that the waiver covered all aspects of the solicitation, including the warehousing and delivery requirements, was reasonable, as was his reliance on the agency's determination that no small business could supply all of the fruits and vegetables. The other requirements are merely incidental to the supply of the produce and are therefore covered by the waiver.

Plaintiff's motion for judgment on the administrative record is DENIED. Defendant's motion for judgment on the administrative record is GRANTED. Intervenor's motion for judgment on the administrative record is GRANTED. The Clerk of Court will dismiss plaintiff's complaint. No costs.

s/Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge